IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| TYRUS KING ALPHONSE, | : | |
| Plaintiff, | : | |
| v. | : | CASE NO.: 4:20-CV-58 (LAG) |
| JUDGE CLAY D. LAND, *et al.*, | : | |
| Defendants. | : | |

## **ORDER**

Before the Court is Plaintiff Tyrus King Alphonse's Voluntary Motion to Seal and Dismiss with Prejudice. (Doc. 16). Plaintiff filed this *pro se* action on March 31, 2020. (Doc. 1). On May 28, 2020, the Court dismissed Plaintiff's Complaint without prejudice for failure to pay the filing fee or file an amended motion to proceed *in forma pauperis*. (Doc. 13 at 1–2). Plaintiff now moves the Court to seal the entire record in this case, in ten other cases Plaintiff filed in this Court between November 2019 and January 2022,[1] and in two cases filed against him in state court in July and August 2019.[2] (Doc. 16 at 1). He asserts, among other things, that he mistakenly filed this case when "neither" his "mother, father, nor God ever told [him that he] was anything other than a 'citizen of heaven.'" (*Id.*). He also explains that this case and the other cases he filed "have all caused an undue hardship in" the lives of his "family, heirs, etc." (*Id.*).

---

[1]  *See Williams v. Miss. Dep't of Hum. Servs. Child Support Enf't*, No. 4:19-CV-186 (CDL) (M.D. Ga. 2019); *Williams v. U.S. Bank, LLC*, No. 4:19-CV-187 (CDL) (M.D. Ga. 2019); *Alphonse v. Prather*, No. 4:20-CV-52 (CDL) (M.D. Ga. 2020); *Alphonse v. Lekan*, 4:20-CV-66 (LAG) (M.D. Ga. 2020); *Alphonse v. USAA Alliance Servs.*, No. 4:20-CV-68 (LAG) (M.D. Ga. 2020); *Williams v. U.S. Dist. Ct. for the Middle Dist. of Ga.*, No. 4:22-CV-24 (CDL) (MSH) (M.D. Ga. filed Jan. 25, 2022); *Williams v. United States of Am.*, No. 4:22-CV-25 (CDL) (MSH) (M.D. Ga. 2022); *Williams v. U.S. Postal Serv.*, No. 4:22-CV-26 (CDL) (MSH) (M.D. Ga. 2022); *Williams v. Georgia*, No. 4:22-CV-27 (CDL) (MSH) (M.D. Ga. 2022); *Williams v. Georgia*, No. 4:22-CV-28 (CDL) (MSH) (M.D. Ga. 2022).

[2]  *See Cap. One Bank (USA), N.A. v. Williams*, No. SC19CV817 (Muscogee Cnty. State Ct. filed July 30, 2019); *Cavalry SPV I LLC ex rel. Synchrony Bank v. Williams*, No. SC 19 CV 973 (Muscogee Cnty. State Ct. filed Aug. 30, 2019).

"The common-law right of access to judicial proceedings is 'an essential component of our system of justice' and 'instrumental in securing the integrity of the process.'" *Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (citing *Chi. Trib. Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001) (per curiam)). The "right of access 'establishes a general presumption that criminal and civil actions should be conducted publicly' and 'includes the right to inspect and copy public records and documents.'" *F.T.C. v. AbbVie Prods. LLC*, 713 F.3d 54, 62 (11th Cir. 2013) (alteration omitted) (citing *Chi. Trib. Co.*, 263 F.3d at 1311). When a party moves to seal "the entire record" of a case, as opposed to sealing only particular documents, "the common-law right of access demands" that the court apply "heightened scrutiny." *Chi. Trib. Co.*, 263 F.3d at 1311 (citations omitted). Accordingly, sealing "the record of an entire case" requires the moving party to show that sealing "is necessitated by a compelling governmental interest, and is narrowly tailored to that interest.'" *Id.* (citations omitted). The hardships endured by Plaintiff and his family because of the filing of his lawsuits do not constitute a compelling interest.

Moreover, the Court cannot, as part of this case, seal the records in Plaintiff's other cases filed in this Court; and the Court lacks jurisdiction to seal the records of cases filed in state court. Accordingly, Plaintiff's Voluntary Motion to Seal and Dismiss with Prejudice (Doc. 16) is **DENIED**.

**SO ORDERED**, this 11th day of July, 2022.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**